# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DISTRICT COURT AT CINCINNATI

| | |
|---|---|
| **MICHELLE BRITTON**<br>5296 Leona Drive<br>Cincinnati, OH 45238<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**MOUNTAIN RUN SOLUTIONS, LLC**<br>℅ Registered Agent Solutions, LLC,<br>2101 SW 21st Street<br>Topeka, KS 44114<br><br>　　　　Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Michelle Britton ("Plaintiff"), through Counsel, and for her Complaint against Mountain Run Solutions, LLC ("Defendant"), hereby states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michelle Britton ("Plaintiff" or "Britton") is a natural person who resides in Cincinnati, Ohio.

2. Defendant Mountain Run Solutions, LLC ("Defendant" or "MRS") is a domestic corporation registered to do business with the Kansas Secretary of State. MRS maintains its principal place of business in Topeka, Kansas.

3. Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of the Fair Debt Collection Procedures Act ("FDCPA") 15 U.S.C. § 1692k(d).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Britton resides in this District and each of the causes of action described herein occurred in this District.

## INTRODUCTION

5. The FDCPA seeks to protect consumers through limiting the actions of third-party debt collectors who attempt to collect a debt on behalf of another person or entity. The FDCPA does this in various ways including preventing third party debt collectors from making false statements or representations when attempting to collect a debt.

6. Britton brings this action against Defendant MRS falsely reporting that she owed a debt to Vivint for $2,282.05 for the installment of a security system. The debt in question was never incurred by Britton, but rather is the result of identity theft.

## BACKGROUND FACTS

7. On June 5, 2017, Michelle Britton's name was used to establish an account with Vivint for the installment of a security system at a residence in Youngstown, Ohio. See *Exhibit 1*

8. Britton is a native of Cleveland, Ohio and has never been to Youngstown, nor does she know anyone in Youngstown.

9. On August 22, 2015, the security system was installed. During this time, Britton was attending school in Cincinnati.

10. On August 22, 2015, Britton filed a police report with the Green Township (OH) Township Police to report the potential identity theft. See *Exhibit 2*.

11. On May 15, 2019, MRS acquired a collection account in Britton's name from Vivint.

12. In June 2020, MRS began negatively reporting on Britton's credit report that she owes an unpaid debt for $1,715.00, which is currently in collections.

13. Since that time MRS has continued to send dunning notices and report negatively on Britton's credit despite communications from Britton disputing the validity of the debt.

## COUNT ONE:

## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*,

14. Britton restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 13 in their entirety, as if fully rewritten herein.

15. Britton is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

16. The debt in question is a debt that was incurred for personal, household or family use. 15 U.S.C. § 1692a(5)

17. MRS is engaged in the collection of debts from consumers using the mail and the telephone. MRS regularly attempts to collect consumer debts alleged to be due to another. MRS is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

18. MRS purchased the debt in question from Vivint. MRS's actions in reporting the debt on Britton's credit, including her Experian Report, as well as sending dunning notices at a time when MRS knew or should have known about Britton's identity theft violates 15 U.S.C. 1692e as a false, deceptive, or misleading means to collect a debt and/or 15 U.S.C. 1692f as an unconscionable means to collect a debt.

19. The actions of MRS described herein have directly caused Britton to live in constant anxiety, worry and frustration in having to deal with the consequences of having her identity stolen.

20. As a result of the actions of MRS, MRS is liable to Britton for statutory damages of $1,000.00, actual damages in an amount to be determined and Britton's reasonable attorneys' fees and costs related to the prosecution of this matter.

## COUNT TWO:

**Violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01,** *et seq.*

21. Britton restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 20 in their entirety, as if fully rewritten herein.

22. Britton is a "consumer", the Loan is a consumer transaction and MRS is a supplier as that term is defined by the OCSPA, R.C. 1345.01.

23. The actions described in Count One above by MRS including (1) taking steps to affirmatively report incorrect information on Britton's Credit Reports and (2) sending dunning notices at a time when MRS knew or should have known about Britton's identity theft which may violate the FDCPA are unfair, deceptive, and/or unconscionable actions in violation of the CSPA.

24. As a consequence of the actions of MRS, Britton has suffered damages including having to live in constant anxiety, worry and frustration in having to deal with the consequences of having her identity stolen.

25. MRS has violated the CSPA and Britton is entitled to statutory damages, non-economic damages not to exceed $5,000.00, treble damages, and attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michelle Britton respectfully requests the following relief against Defendant Mountain Run Solutions;

A) For an award of actual damages for allegations contained in Counts One and Two;

B) For an award of statutory damages of $1,000.00 for the violations alleged in Counts One;

C) For an award of statutory damages or $200.00, whichever is greater, for the violations alleged in Count Two;

D) For an award of non-economic damages not to exceed $5,000.00 for the violations alleged in Count Two;

E) For an award of Britton's reasonable attorney's fees and costs for the violations alleged in Counts One and Two; and

F) For all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANNLAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Alisa R. Adams (0098503)
Adams Law Practice
2238 E. 95th Street
Cleveland, OH 44103
(216) 642-3342
alisa.adams@hotmail.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANNLAW
*Attorneys for Plaintiff*