IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHELLE BRITTON, | : | Case No. 1:21-CV-00304 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| MOUNTAIN RUN SOLUTIONS, LLC, | : | |
| Defendant. | : | |

---

**ORDER GRANTING MOTION FOR ATTORNEY FEES AND AWARDING DAMAGES (DOC. 17)**

---

This case is before the Court on Plaintiff Michelle Britton's Motion for an Award of Attorney Fees and Costs (Doc. 17). The Court granted Plaintiff's Motion for Default Judgment and scheduled a hearing on damages for May 27, 2022. Following the hearing, the Court took the issue of damages under advisement. Defendant failed to respond to either motion. Thus, this matter is ripe for review. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and Costs and **AWARDS** Plaintiff damages.

**BACKGROUND**

Plaintiff Michelle Britton filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq.* (*See* Complaint, Doc. 1, Pg. ID 3-4.) Britton alleged that Defendant Mountain Run Solutions, LLC made false and deceptive

statements to her in connection with its attempts to collect a debt from her. (*Id.* at Pg. ID 2-4.) In reality, the debt belonged to an unknown third party who had stolen Britton's identity. (*Id.*) On multiple occasions, Britton attempted to explain to Mountain Run that the debt did not belong to her. (Transcript of Damages Hearing, Doc. 18, Pg. ID 109.) Nevertheless, the company continued to call her and began negatively reporting the debt on Britton's credit report. (*Id.*) As a result, Britton experienced not only stress and frustration, but has also been required to explain the convoluted situation to all potential creditors. (*Id.* at Pg. ID 113.)

Mountain Run failed to file an answer to the Complaint. Resultantly, Britton moved for default judgment (Doc. 16), which the Court granted. Britton now seeks an award of damages, including statutory damages under both the FDCPA and the OCSPA, non-economic damages under the OCSPA, attorney fees, and costs. (Compl., Doc. 1, Pg. ID 5.) Because the Court entered default judgment in Britton's favor on March 21, 2022, the Court need only address the issue of damages, attorney fees, and costs.

## LAW & ANALYSIS

A default judgment on well-pleaded allegations "establishes only liability and the plaintiff must still establish the extent of the damages." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 WL 693168 (S.D. Ohio Feb. 26, 2013) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). While unanswered allegations may result in liability, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *5 (E.D. Mich. June 23, 2010). To do so, the Federal Rules of Civil Procedure

2

"require the party moving for a default judgment [to] present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010). Through briefing and testimony, Britton has successfully demonstrated that she qualifies for recovery.

## I. Statutory Damages under the FDCPA

The FDCPA was designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA allows a court to award up to $1,000.00 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994). Here, Britton requests $1,000.00 in statutory damages under the FDCPA. (Compl., Doc. 1, Pg. ID 4.) The uncontested allegations in the Complaint establish that Mountain Run has violated the FDCPA. (*Id.* at Pg. ID 2-4.) Thus, a $1,000.00 award of statutory damages under the FDCPA is appropriate.

## II. Statutory Damages under the OCSPA

The OCSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02. Statutory damages under the OSCPA are set at $200.00 per violation. *Charvat v. NMP, LLC*, 656 F.3d 440, 452 (6th Cir. 2011). Here, Britton requests $200.00 in statutory damages under the OCSPA. (Compl., Doc. 1, Pg. ID 4.) The uncontested allegations in the Complaint establish that Mountain Run has violated the OCSPA. (*Id.* at Pg. ID 2-4.) Thus, a $200.00 award of statutory damages under the OCSPA is appropriate.

### III. Non-economic Damages under the OCSPA

The OCSPA additionally provides for recovery of "an amount not exceeding five thousand dollars in noneconomic damages" for violations of the OCSPA. Ohio Rev. Code § 1345.09(A). Non-economic damages under the OCSPA include damages for "inconvenience, aggravation, [and] frustration," as well as "mental distress" and "anguish." *Whitaker v. M.T. Auto., Inc.*, 855 N.E.2d 825, 832 (Ohio 2006). Here, Britton requests $5,000.00 in non-economic damages under the OCSPA. (Compl., Doc. 1, Pg. ID 4.) Britton asserts that, as a result of Mountain Run's continual calls to collect a debt that was not her own, she experienced frustration and stress. (Tr., Doc. 18, Pg. ID 109.) Moreover, Britton was required to explain the situation to all potential creditors—only increasing her frustration. (*Id.* at Pg. ID 111.) On review, the Court finds that Britton experienced emotional distress as a result of Mountain Run's unlawful collection efforts. Thus, a $5,000.00 award of non-economic damages under the OCSPA is warranted. *See, e.g., Consolo v. United Mediation Grp., LLC*, No. 17-cv-681, 2018 WL 1848652 (N.D. Ohio Apr. 18, 2018) (awarding $5,000.00 in non-economic damages under the OCSPA where plaintiff suffered annoyance, aggravation, and embarrassment resulting from a debt collector's intimidating calls).

### IV. Attorney Fees and Costs

The FDCPA mandates the award of "reasonable" attorney fees to a prevailing party. 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). The OCSPA also provides for the award of attorney fees where, as here, the defendant "has knowingly committed an act or practice that violates" its provisions. Ohio Rev. Code §

4

1345.09(F). Courts use the lodestar method to determine an award of reasonable attorney fees. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown*, 2013 WL 693168 at *6 (citing *Imwalle*, 515 F.3d at 551).

### A. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Organization v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Here, Britton seeks $525.00 and $495.00 per hour for a managing partner with over 35 years of experience, $395.00 per hour for a senior partner with over 15 years of experience, and $250.00 per hour for work performed by a paralegal. (Motion, Doc. 17, Pg. ID 64.) Britton's counsel justifies its rates by arguing that they are consistent with other Ohio consumer lawyers with comparable years of experience. (*Id.* At Pg. ID 65-7.) The Court finds Plaintiff's argument persuasive. Moreover, other courts in this district have approved similar rates in similar cases. *See, e.g., Morton v. O'Brien*, No. 2:18-cv-445, 2022 WL 1637725, at *10 (S.D. Ohio May 24, 2020) (finding rates of both $400.00 per hour for

5

an attorney with 18 years of experience and $425.00 per hour for an attorney with over 41 years of experience reasonable in a FDCPA case). Accordingly, the Court finds counsel's hourly rates to be reasonable.

### B. Reasonable Number of Hours

When determining the reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 WL 693168 at *6 (citing *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). In addition, "the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended." *Id.* (citing *Bench Billboard Company v. City of Toledo*, 759 F.Supp.2d 905, 913 (N.D Ohio 2010)). Where the documentation is inadequate, a court may reduce the award accordingly. *Id.*

Here, Britton's counsel billed 10.2 total hours and counsel's paralegal billed 2.3 total hours on this case. (Mot., Doc. 17, Pg. ID 64.) Counsel has submitted an itemized timesheet of the hours billed. (*Id.*, Pg. ID 90-1.) The timesheet details actions performed by counsel, such as editing, revising, and reviewing the various motions that have come before the Court. (*Id.*) "A reasonable attorney would have believed that these hours needed to be reasonably expended in pursuit of [a] default judgment." *Brown*, 2013 WL 693168 at *6 (finding 7.6 hours to be reasonable); *see also Gilden v. Platinum Holdings Grp., LLC*, No. 1:18-cv-343, 2019 WL 590745, at *10 (S.D. Ohio Feb 13, 2019) (finding 19.18 hours of attorney time to be reasonable in an FDCPA default judgment case). Additionally, the

6

documentation provided in support of the hours expended is sufficiently detailed to support a conclusion that these hours were actually and reasonably expended. (*Id.*) Accordingly, the hours expended by Britton's counsel are reasonable.

### C. The Lodestar Amount

The lodestar method results in a finding that the rates sought by Britton's counsel and hours expended are reasonable. Counsel allocated 0.2 hours at $525.00 per hour, 0.7 hours at $495.00 per hour, 9.3 hours at $395.00 per hour, and 2.3 hours at $250.00 per hour. (Motion for Attorney Fees, Doc. 17, Pg. ID 64.) Therefore, Britton is awarded a total of $4,700.00 in attorney fees.

## V. Costs

Finally, Britton seeks an award of costs in the amount of $420.95. (Mot., Doc. 17, Pg. ID 67.) The FDCPA authorizes an award of costs. 15 U.S.C. § 1692k(a)(3). The costs of $420.95 that Britton seeks include a filing fee of $402.00 and service of process cost of $18.95. (*Id.*, Doc. 17, Pg. ID 67-8.) The Court finds these costs to be reasonable and compensable pursuant to the FDCPA.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff is **AWARDED** $1,000.00 in statutory damages pursuant to the FDCPA;
2. Plaintiff is **AWARDED** $200.00 in statutory damages pursuant to the OSCPA;
3. Plaintiff is **AWARDED** $5,000.00 in non-economic damages pursuant to the OSCPA;
4. Plaintiff is **AWARDED** $5,700.00 in attorney fees;

5. Plaintiff is **AWARDED** $420.95 in costs; and

6. This case is **TERMINATED** from the Court's docket.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND
